IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| QUINTON M. JOHNSON, <br> Reg. No. 11625-002, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 3:23-CV-380-ECM-KFP <br> ) <br> ) <br> ) <br> ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Petitioner Quinton M. Johnson filed this pro se 28 U.S.C. § 2255 action in June 2023 challenging his 2013 conviction of possession of a firearm as a convicted felon. Doc. 1. Thereafter, the Government filed a brief arguing that Johnson's motion be denied without an evidentiary hearing. Doc. 7. The Government argued for dismissal because Johnson, who has since been released from custody on this conviction, cannot satisfy the "in custody" requirement for a habeas challenge to his 2013 conviction. The Court ordered Johnson to show cause by September 26, 2023, why this matter should not be dismissed. Doc. 8. Johnson failed to file a response as directed.

In order for Johnson to challenge his 2013 conviction or sentence in this federal habeas action, he must have been "in custody" under that judgment at the time he filed his § 2255 motion or show that the Government is exercising ongoing control over him based on that conviction and sentence. Here, he cannot make either showing.

The sentence imposed and supervised release term associated with Johnson's 2013 conviction ended on March 21, 2020. Doc. 7 at 1; *see also* Docs. 7-1, 7-2. Johnson was no longer considered in custody for his 2013 conviction for purposes of post-conviction relief at the time he filed this § 2255 motion, and there is no evidence the Government is exercising ongoing control over him for that conviction and sentence. The Court, therefore, does not have jurisdiction for habeas review.[1] *See Maleng v. Cook*, 490 U.S. 488, 490–492. (1989); *Unger v. Moore*, 258 F.3d 1260, 1263 (11th Cir. 2001) (stating that federal courts lack subject matter jurisdiction to consider habeas "petitions which challenge a conviction with a completely expired sentence").

Accordingly, the undersigned RECOMMENDS that this case be DISMISSED with prejudice because the Court lacks jurisdiction to consider Johnson's claims for relief. It is further ORDERED that, by **June 14, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District

---

[1] Johnson is currently in custody on an unrelated federal court 2019 conviction. *See* Case No. 3:18-CR-00410-ECM-WC-1.

Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *See* 11th Cir. R. 3-1.

DONE this 31st day of May, 2024.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE